**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DOUGLAS ANTHONY MARTIN, : | |
| : | **Hon. Jerome B. Simandle** |
| Petitioner, : | |
| : | |
| v. : | Civil Action No. 09-712 (JBS) |
| : | |
| P. CRUZ, a Corporate Entity : | **OPINION** |
| and Holder of the Key, : | |
| : | |
| Respondent. : | |

**APPEARANCES**:

    DOUGLAS ANTHONY MARTIN
    F.C.I. Seagoville
    P.O. Box 9000
    Seagoville, TX 75159
    Petitioner Pro Se

SIMANDLE, District Judge

Douglas Anthony Martin ("Petitioner") has filed a hoard"Petition for Emergency Writ of Habeas Corpus" ("Petition"). (D.I. 1)  Having thoroughly reviewed Petitioner's submission, this Court will summarily dismiss the Petition for lack of jurisdiction.

**I.   BACKGROUND**

Petitioner alleges that Respondent "is a corporation for profit" which has been holding him in the "Seagoville FCI Corporation Prison" in the State of Texas, over his objection and without his consent, since June 30, 2008.  Id. at p.1.  According

to Petitioner, Respondent is unlawfully detaining him because "no criminal action in the State of Texas has been commenced against [him] by the filing of an affidavit/complaint, or by a competent fact witness, alleging the necessary and essential facts sufficient to constitute the elements of a crime that would invoke a lawful court's jurisdiction in the first instance." Id. He contends that this Court can review the instant Petition because it has jurisdiction over corporations incorporated in the State of Delaware, and respondent is a corporation "directly linked to corporations . . . incorporated with the corporations division secretary of state of Delaware." Id. at p. 2. Petitioner asks the Court to "demand [his] immediate discharge." Id. at pp. 2-3.

## II.  DISCUSSION

Federal courts are required to liberally construe pro se filings.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  See Rule 4(b), 28 U.S.C. foll. § 2255;  see also 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall . . . issue an order directing the respondent to show cause why the writ should not be granted, unless it appears

2

from the face of the application that the applicant or person detained is not entitled thereto.")

A federal prisoner challenging the legality of his conviction or sentence must file a motion to vacate, correct, or modify a sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.  See 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  The proper respondent for a § 2255 motion is the United States of America.  See Waksmunski ex rel. Korbe v. Mitchell, 2009 WL 499455 (W.D. Pa. Feb. 27, 2009).  In turn, a federal prisoner challenging the manner in which his sentence is being executed must file a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004); see United States v. Jack, 774 F.2d 605, 607 n.1 (3d Cir. 1985)(a habeas corpus petition pursuant to § 2241 is appropriate in the district of confinement).  The proper respondent for a § 2241 petition is the warden of the institution where the petitioner is incarcerated at the time of filing.  Rumsfeld, 542 U.S. at 444-46.

Although Petitioner has not indicated if he is pursuing relief under § 2241 or § 2255, he cannot prevail under either statute.  For instance, to the extent the Petition challenges the legality of Petitioner's conviction and sentence under 28 U.S.C.

§ 2255, the Court does not have jurisdiction because the Court did not impose Petitioner's conviction and sentence. To the extent Petitioner is challenging the execution of his sentence pursuant to 28 U.S.C. § 2241, the Court does not have jurisdiction because Petitioner is not confined in this District. Accordingly, this Court will summarily dismiss the Petition for lack of jurisdiction.

### III. CERTIFICATE OF APPEALABILTY

To the extent the instant Petition constitutes a § 2255 motion, the Court must decide whether to issue a certificate of appealability. 28 U.S.C. § 2253; See United States v. Cepero, 224 F.3d 256, 265-66 (3d Cir. 2000)("federal prisoner appeals from § 2241 proceedings, however, are not governed by § 2253's certificate of appealability requirement."); 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court has concluded that it lacks jurisdiction to review the instant Petition. Jurists of reason would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## **IV.  CONCLUSION**

The Court dismisses the Petition for Emergency Writ of Habeas Corpus in its entirety for lack of jurisdiction without issuing a certificate of appealability.  An appropriate Order follows.


                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE, U.S.D.J.


Dated:  **October 7**, **2009**